UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY SATTERFIELD,
a/k/a WESTON RAYFIELD,

    Plaintiff,

v.

LARRY LEE JONES,

    Defendant.
_____/

Case No. 16-13708

Hon. John Corbett O'Meara

**ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Before the court is Defendant's motion for summary judgment, to which Plaintiff has responded. Pursuant to L.R. 7.1(f)(2), the court did not hear oral argument. For the reasons explained below, Defendant's motion is denied.

Plaintiff Gary Satterfield filed this diversity action against Defendant Larry Lee Jones, alleging assault, battery, and negligence. Plaintiff is an artist whose work was displayed at Defendant's store, Everything Classic Antiques in Port Huron, Michigan. On May 1, 2015, Satterfield called Jones and made arrangements to pick up his art from the store. Once Satterfield arrived at the store, he began gathering his artwork and moving it to his van. Jones then approached Satterfield and attempted to prevent him from taking the artwork from

the store.  As Satterfield was loading artwork into his van, Jones grabbed the art and dragged it, with Satterfield trailing behind, into the store.  Satterfield alleges that Jones pushed him hard into a concrete pillar in the store, which knocked him briefly unconscious.  When Satterfield came to, he felt numbness and then significant pain on his left side.

Satterfield was treated by emergency medical services and gave his version of the events to the responding police officers.  Satterfield sought treatment at Port Huron McLaren Hospital for this shoulder and was diagnosed with a clavicle separation.  He engaged in physical therapy, but had not regained full functionality in his shoulder.

Defendant Jones seeks summary judgment on all of Plaintiff's claims, by disputing Plaintiff's version of events.  When reviewing a motion for summary judgment, however, the court must view the facts and any reasonable inferences drawn from the facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The court does not weigh the evidence or make credibility determinations.  When viewing the facts in the light most favorable to Plaintiff, a reasonable jury could find in his favor on his assault, battery, and negligence claims. See Mitchell v. Daly, 133 Mich. App. 414 (1984); Mich. Civ. JI 115.20 (assault), 115.21 (battery);

Schultz v. Consumers Power Co., 443 Mich. 445, 449 (1993) (elements of negligence claim).  Defendant has not met his burden of demonstrating that "there is no genuine issue as to any material fact" and that he is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56.

    Accordingly, IT IS HEREBY ORDERED that Defendant's motion for summary judgment is DENIED.

                                      s/John Corbett O'Meara
                                      United States District Judge

Date:  December 1, 2017

    I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, December 1, 2017, using the ECF system.

                                      s/William Barkholz
                                      Case Manager